UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM WEHBE**, | 2:19-cv-11904 |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| **WESCAST INDUSTRIES, et al.**, | |
| Defendant. | |

The doctrine of judicial estoppel precludes a party from making an argument that contradicts a prior position the party took in an earlier stage of the litigation. In the bankruptcy context, unless it can be shown that the party's earlier position was taken due to mistake or in an absence of bad faith, judicial estoppel precludes a party from such gamesmanship when a bankruptcy court has adopted a position contrary to what the party has represented in a district court. Here, Defendant Wescast Industries moves for a judgment on the pleadings on the basis that while Plaintiff William Wehbe's Chapter 13 bankruptcy proceedings were pending, he failed to disclose to the bankruptcy court this suit alleging employment discrimination and retaliation claims. As such, the Court considers whether Plaintiff's omission of this suit was made in the absence of bad faith or the product of mistake, which could avoid the application of judicial estoppel. The Court finds that Plaintiff did not

1

establish mistake nor an absence of bad faith and therefore his claims are judicially estopped. Defendant's motion to dismiss is **GRANTED**.

## I.    Background

In the fall of 2018, Defendant hired Plaintiff as a plant manager of one of its subsidiaries. ECF No. 5, PageID.29; ECF No. 22, PageID.290. With a graduate degree in the relevant field, experience managing large groups of people and interacting with executives, managers, and general employees, Plaintiff was assigned to manage two of Defendant's plants. ECF No. 5, PageID.29.

Plaintiff's employment relationship with Defendant was strained. *See* ECF No. 5. According to his complaint, Plaintiff encountered a negative work environment created by his subordinates and encouraged by his superiors. *Id*. at PageID.29-32. When Plaintiff raised these issues with Defendant's personnel management, he was rebuffed, and in some instances, his integrity and reputation were questioned in front of his team. *Id*.

By April 2019, the situation came to a head. ECF No. 5, PageID.32-33. During the Defendant's regional human resources director's onsite visit, Plaintiff—who is of Lebanese national origin—complained to the director about the instances of discrimination based on his national origin and subsequent retaliation. *Id*. at PageID.32. And while Plaintiff was on vacation, he maintains, Defendant's personnel department acted

2

to further undermine him. *Id*. at PageID.33. At the end of the month, Defendant asked for Plaintiff's resignation—but a few days later terminated him anyway. *Id*. On June 28, 2019, Plaintiff filed suit claiming: (i) discrimination on the basis of national origin, and (ii) retaliation. *See* ECF No. 5.

Running parallel with Plaintiff's period of employment with Defendant was his Chapter 13 bankruptcy matter. *See* ECF No. 19-5. At around the same time he began working for Defendant, on September 19, 2018, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. ECF No. 22, PageID.286. By April 2019, in the same month that Plaintiff lodged complaints to his superiors about the alleged discriminatory environment he had faced, Plaintiff also amended his Schedule A/B form[1] before the bankruptcy court, but he made no changes to his answers to questions requiring disclosure of pending legal claims. ECF No. 19-8, PageID.213. This includes Items 33 (disclosure regarding "[c]laims against third

---

[1] In Chapter 13 bankruptcy, parties are required to disclose income, assets, debts, and transactions on a series of forms. On *Schedule A/B: Property*, parties must list all assets, such as real estate, money in the bank, clothing, furniture, boats, other possessions. Included as assets are any pending legal claims. Question 33 on this Schedule requests information as to: " Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment. Examples: Accidents, employment disputes, insurance claims, or rights to sue."  ECF No. 19-7, PageID.197.

parties, whether or not you have filed a lawsuit or made a demand for payment"), 35 (disclosure regarding "[a]ny financial assets you did not already list"), and 63 (disclosure regarding "[t]otal of all property on Schedule A/B"). *Id.* at PageID.213-14.

After this suit had commenced, Plaintiff made several more amendments. But none disclosed the existence of this employment discrimination lawsuit to the bankruptcy court. For example, on August 9, 2019, Plaintiff filed an amended Chapter 13 plan. *See* ECF No. 19-9. The Plan had called for Plaintiff to make weekly payments to his creditors but Plaintiff reported that he had missed payments caused by his unemployment between May and August 2019, and sought forgiveness from having missed $6109.77 in payments. Though Plaintiff disclosed some information pertaining to his employment situation in order to seek this benefit, he did not amend his Schedule A/B to disclose that he had brought claims against Defendant for lost wages and damages resulting from workplace discrimination and retaliation, even though by that time he had filed suit in court. ECF No. 19-9, PageID.220.

On September 30, 2019, Plaintiff's amendment disclosed that he had found new employment and had a new source of income, which was greater than when he was working for Defendant. ECF No. 22, PageID.287; ECF No. 19-10, PageID.233 (Amended Schedule I). No amendment was made for Schedule A/B, and the lawsuit was not

4

reported. On November 2, 2019, without knowledge of this suit, the bankruptcy court entered an amended order confirming Plaintiff's bankruptcy plan. *See* ECF No.19-12.

Defendant subsequently filed a Rule 12(c) motion for judgment on the pleadings, arguing that Plaintiff's claims should be dismissed on the basis of judicial estoppel because he failed to disclose this suit to the bankruptcy court. ECF No. 19, PageID.115. Plaintiff responded by arguing that his omissions were the result of mistake or inadvertence and that there was an absence of bad faith. *See* ECF No. 22.

## II.   Standard of Review

### a. Judgment on the pleadings.

In a motion for judgment on the pleadings, district courts must take as true "all well-pleaded material allegations of the pleadings of the opposing party." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 578 (6th Cir. 1973). A motion for judgment on the pleadings uses the same standard as for a motion to dismiss under Rule 12(b)(6). *Warriors Sports, Inc. v. National Collegiate Athletic Ass'n.*, 623 F.3d 281, 284-85 (6th Cir. 2010). The motion may be granted "only if the moving party is nevertheless clearly entitled to judgment." *Id*. But courts "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the

5

party making the motion is entitled to judgment as a matter of law.'" *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### III.   Discussion
#### a. Rule 12(c) is the appropriate standard of review here because the Court need not review materials beyond those found in the record, exhibits attached to Defendant's motion, and other public filings.

The Parties disagree as to which Federal Rule of Civil Procedure should properly govern Defendant's motion. *See* ECF Nos. 19, 22. Plaintiff asks that because Defendant refers to matters outside the record, the Court must consider his declarations under Fed. R. Civ. Pro. 12(c) and that Defendant's motion to dismiss should be treated as a motion for summary judgment under Fed. R. Civ. Pro. 56. ECF No. 22, PageID.293-95. Defendant counters that because it has only attached materials to its motion that are matters of public record, which are properly reviewable under Rule 12(c), the Court should reject Plaintiff's argument. ECF No. 23, PageID.328 (citing *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010)).

In making his case, Plaintiff relies on *Rondigo, LLC v. Twp. of Richmond,* which considered whether to apply Rule 12(b)(6) or Rule 56 when matters outside the pleadings are included in a motion. 641 F.3d 673, 680-81 (6th Cir. 2011). The court concluded that when it considers

6

material outside the pleadings, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Id.* at 680. But the court clarified this rule by stating that converting a motion for judgment on the pleadings to a Rule 56 motion for summary judgment is inappropriate when courts merely consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims therein." *Id.* at 680-81.

In contrast, Defendant relies on *Buck v. Thomas M. Cooley Law School* for the proposition that "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." 597 F.3d at 816. There, the court acknowledged that "typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6)." *Id.* Both *Rondigo* and *Buck* thus agree that courts may also consider public records without altering the standard of review for a motion for judgment on the pleadings. In other words, courts considering a judgment on the pleadings may look to materials outside the complaint without altering the standard of review so long as they are "exhibits attached [to the complaint], public records, items appearing in

the record of the case and exhibits attached to defendant's motion to dismiss." *See Rondigo*, 641 F.3d at 680-81.

Here, to resolve Defendant's motion, the Court need only consider matters of public record, exhibits attached to the complaint, and items appearing in the record of the case. *See id*. Therefore, the Court will not convert Defendant's motion for judgment on the pleadings into one for summary judgment. *See id*; *see also JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (stating that courts use the same standard of review for motions brought pursuant to Rule 12(c) as they do for motions brought pursuant to Rule 12(b)(6)).

### b. The *Wyndham* judicial estoppel factors.

Turning to the next issue, the Court must determine whether Defendant's affirmative defense of judicial estoppel bars Plaintiff's suit here.

Defendant argues that the Court should apply the doctrine of judicial estoppel to prevent Plaintiff from pursuing this case because Plaintiff failed to amend his bankruptcy schedules to disclose as an asset his pending lawsuit alleging national origin discrimination and retaliation. *See* ECF No. 19. Plaintiff responds that he was mistaken and inadvertently assumed that his bankruptcy matter did not require him to report this case unless he received an award. ECF No. 22, PageID.289. Defendant replies that, regardless of whether Plaintiff had received an

8

award, Plaintiff had an ongoing duty to report possible lawsuits and correct initial omissions and that his omission was the result of bad faith. ECF No. 23, PageID.333.

Judicial estoppel is an equitable doctrine that protects "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010). District courts may apply judicial estoppel where a party "(1) assert[s] a position that is contrary to one that the party has asserted under oath in a prior proceeding" and where "(2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id*. But even if these threshold elements are satisfied, "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Id*. A party's failure to report a claim to a bankruptcy court may be declared inadvertent: "(1) where the debtor lacks knowledge of the factual basis of the undisclosed claims, and (2) where the debtor has no motive for concealment." *Id*.

Furthermore, if the record establishes that a plaintiff had knowledge of the claim and motive for concealment, the plaintiff can prevent judicial estoppel by showing an "absence of bad faith." *Id*. at 476. In order to show an absence of bad faith, a party must provide evidence of efforts taken to correct the initial omission. *Id*. at 480. The court weighs

the timing, extent, and effectiveness of those efforts to determine whether to apply judicial estoppel. *Id.*

    **c. Judicial estoppel bars this suit because Plaintiff's effort to correct his omission was inadequate and suggests bad faith.**

Several undisputed facts narrow the inquiry. First is that the threshold *Wyndham* judicial estoppel factors apply here. Plaintiff omitted the existence of this suit in the course of several amendments to his bankruptcy schedule, resulting in "a position that is contrary to the one that [he] has asserted under oath in a prior proceeding." *See* ECF No. 22, PageID.289; *see also Wyndham*, 617 F.3d at 476. And because the bankruptcy court made determinations regarding Plaintiff's bankruptcy matter without knowledge of this suit, "the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *See* ECF No. 22, PageID.292; *see also* ECF No. 22-5, PageID.317; *Wyndham*, 617 F.3d at 476.

Proceeding to the mistake or inadvertence prong under *Wyndham*, the record shows that Plaintiff had "knowledge of the factual basis of the undisclosed claims" because it is undisputed that from April 2019 to June 10, 2020, Plaintiff failed to give notice to the bankruptcy court of both his potential legal claim and when it was actually filed. *See* ECF Nos 1, 23-2; *see also Wyndham*, F.3d at 476. Within this period includes instances

10

where Plaintiff took advantage of several opportunities to amend his bankruptcy schedule.

Thus, the remaining issues to be addressed under the mistake or inadvertence prong under *Wyndham* are (i) whether Plaintiff had a motive for concealment and (ii) whether Plaintiff has shown an "absence of bad faith." *See Wyndham*, 617 F.3d at 476. Several cases are instructive to the Court's analysis.

*White v. Wyndham* presents a set of facts with "limited and ineffective" corrections of initial omissions of disclosures that lead the Sixth Circuit to affirm the application of judicial estoppel to bar the lawsuit. *Id*. at 482. There, the plaintiff attempted to correct a similar initial omission by filing with the district court an affidavit from her attorney stating that he had discussed his claim during a bankruptcy hearing. However, the affidavit lacked specific information regarding the alleged corrections, and a transcript of the hearing contained no record of the alleged discussion. *Id*. at 480-81. The plaintiff also sought to correct her initial omission by filing with the bankruptcy court an application to employ counsel, which identified the existence of a lawsuit, but did not state whether the plaintiff was the plaintiff or the defendant. *Id*. Both the affidavit and the application were submitted prior to the defendant's motion for summary judgment raising the judicial estoppel issue. *Id*. at 480. After the defendant filed its summary judgment motion, the plaintiff

11

partially amended her "Statement of Financial Affairs" to reflect her harassment claim, but her amendment did not "adequately fix" her filings, rather, it "only updated a part of them." *Id.* at 481.

Similarly, in *Lewis v. Weyerhaeuser Co.*, the Sixth Circuit affirmed the application of judicial estoppel, focusing on the plaintiff's failure to make attempts to correct prior omissions and the questionable timing of the events. 141 Fed. App'x 420 (6th Cir. 2005). There, the plaintiff filed a lawsuit in federal district court alleging employment discrimination claims. *Id.* However, the court found that none of the plaintiff's evidence suggested that her suit was revealed to the bankruptcy court prior to the approval of the bankruptcy plan, and that the plaintiff never sought to amend her bankruptcy schedules nor make any sort of attempt to inform the bankruptcy court of her discrimination case. *Id.* at 427. The court further found a motive to conceal because "[i]t is always in a Chapter 13 petitioner's interest to minimize the income and assets." *Id.* at 426. Moreover, although there was some evidence suggesting plaintiff contacted a member of the bankruptcy court, it was not enough to give notice of an actual omission. *Id.* at 427. The court also found an absence of bad faith because the discrimination claim was filed after the bankruptcy plan was approved. *Id.*

In contrast, in *Eubanks v. SBSK Fin. Grp., Inc.*, the Sixth Circuit reversed the application of judicial estoppel, focusing on plaintiff's

numerous and effective attempts to correct the initial omission. 385 F.3d 894 (6th Cir. 2004). There, the plaintiffs amended their bankruptcy schedules to list the defendant as a creditor, attempted to amend their schedules a second time, and put the court on notice of the relevant claim through correspondence, motions, and status-conference requests. *Id*. at 898-99. In particular, the court stressed how plaintiffs made numerous and effective attempts to correct the initial omission before and after the defendant filed a motion to dismiss based on a claim of judicial estoppel. *Id*.

Having reviewed the case law addressing the issues of "mistake or inadvertence" and an "absence of bad faith" in the bankruptcy context, the question before the Court is whether the record here suggests Plaintiff's conduct is more like the facts in *Lewis* and *Wyndham* or *Eubanks*. Indeed, some facts tend to weigh in Plaintiff's favor and suggest that his conduct was the result of mistake or inadvertence. Plaintiff did amend his bankruptcy schedule a few times to reflect changes to his income. ECF No. 22, PageID.287. Importantly, on September 30, 2019, Plaintiff amended his bankruptcy schedule to reflect his new employment, which provided him a greater income than when he worked for Defendant. ECF No. 22-6. And on November 11, 2019, the bankruptcy court issued an amended order confirming his payment plan requiring Plaintiff to "[pay] off 100% of his indebtedness to his creditors under a

five year plan." ECF No. 22, PageID.287. The Court also acknowledges that Plaintiff maintains that he was unaware that his bankruptcy matter and this suit were related and that he does not blame his counsel for the omission. ECF No. 22, PageID.286.

But in considering the timing, extent, and effectiveness of his efforts, the Court concludes that Plaintiff has not established mistake nor has he shown an absence of bad faith. *See Wyndham*, 617 F.3d at 480. The fact most fatal to his position is that Plaintiff did not notify the bankruptcy court of this suit until June 10, 2020, a year from the date he initiated this suit and about fourteen months from when the events giving rise to its cause of action took place. In other words, for fourteen out of the twenty-one months Plaintiff's bankruptcy matter was pending, Plaintiff was derelict in his ongoing duty to report any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." ECF No. 19-7, PageID.191. Moreover, in contrast to *Eubanks*, where the plaintiff made multiple attempts to notify the bankruptcy court of his suit, here the June 10, 2020 amendment is Plaintiff's *sole* attempt to notify the Bankruptcy Court of this suit. *See* 385 F.3d at 898-99.

The sequence of events is also not on Plaintiff's side. In *Eubanks* the plaintiff attempted to provide notice to the bankruptcy court *prior* to the defendant filing a motion to dismiss on a claim of judicial estoppel.

14

*See id.* Here, it is no help that Plaintiff had amended his bankruptcy schedule before Defendant filed its motion to dismiss because those amendments had nothing to do with giving the bankruptcy court notice of *this* suit. And while Plaintiff claims that he was unaware that his bankruptcy matter had any relation to this suit,[2] he has no explanation as to why he waited *three* months after Defendant had brought his omission to his attention to attempt to notify the bankruptcy court. *See* ECF No 19 (Defendant's Motion to Dismiss, filed March 23, 2020).

Moreover, Plaintiff's amendment to his bankruptcy schedule was limited, ineffective, and contradictory because it states that his expected value from this suit is $25,000 when he has represented to this Court, a year prior in his Complaint, that he believes its value is in excess of $75,000 "exclusive of costs, interest and attorney fees." ECF No. 23-2, PageID343-44; *see also* ECF No. 5, PageID.28. Such substantial and inexplicable differences in Plaintiff's representations of this suit's expected value when he is before this Court and when he is before the bankruptcy court lends credence to the presumption that "[i]t is always

---

[2] As to this claim, the Court must be skeptical. In his multiple amendments, Plaintiff had to review and agree to Schedule A/B's plain text: "33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment. *Examples*: Accidents, *employment disputes*, insurance claims, or rights to sue." (emphasis added). ECF No. 19-8, PageID.213.

in a Chapter 13 petitioner's interest to minimize income and assets." *See Lewis*, 141 Fed. App'x at 426.

Finally, Plaintiff contends that because the bankruptcy court ultimately approved a bankruptcy schedule where he must pay off his creditors completely, he did not stand to benefit from his omission and at worse, his omission was harmless. ECF No. 22, PageID.287. Never mind that this is an after-the-fact justification because Plaintiff could not have known during the period when he failed to give notice of this suit what the bankruptcy court would have approved. This reason fails to show an absence of bad faith. More relevant to the public policy animating the doctrine of judicial estoppel, Plaintiff ignores the benefit from being able to make smaller monthly payments and having more time to make such payments. As a result, it follows that Plaintiff's creditors are harmed from his omission because they do not receive their payments in a prompt fashion and in accordance with what bankruptcy law demands. Courts are required to apply the doctrine of judicial estoppel in the bankruptcy context to avoid this exact outcome. *See Wyndham*, 617 F.3d at 476.

## CONCLUSION

For the reasons just stated, Plaintiff has failed to establish that his conduct was not the product of mistake or bad faith. The Court holds that Plaintiff's employment discrimination claims are judicially estopped. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 22, 2020      s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE